[Civ. No. 2980. Third Appellate District.—February 5, 1926.]

## J. C. HARBISON et al., Appellants, v. J. F. MALLON et al., Respondents.

[1] CONTRACTS — CONSTRUCTION OF IRRIGATION SYSTEM — EVIDENCE — FINDINGS.—In this action upon certain contracts, by the terms of which plaintiffs leased to defendants a certain tract of land for a period of two years for the purpose of growing rice, at a specified cash rental per acre, and providing that defendants should construct and install an irrigation system conducting water to certain lands, including the land belonging to plaintiffs, and that at the expiration of said contracts the defendants were to convey an interest in the entire irrigation system constructed by the

lessees, by which such lands were to be irrigated to such extent as plaintiffs' lands bore to the whole acreage then irrigated, or to be irrigated by said irrigation system, the evidence was sufficient to support the finding of the trial court that the irrigation system was completed as contemplated.

(1) 4 C. J., p. 844, n. 66, p. 877, n. 80, p. 879, n. 86.

APPEAL from a judgment of the Superior Court of Colusa County. Ernest Weyand, Judge. Affirmed.

The facts are stated in the opinion of the court.

Arthur C. Huston and Millington & Millington for Appellants.

Brown & Albery for Respondents.

PLUMMER, J.—This is an action by plaintiffs to recover the sum of $16,766 alleged to be due from the defendants for and on account of certain contracts hereinafter mentioned. The defendants had judgment and the plaintiffs appeal.

On the fifteenth day of November, 1916, the plaintiffs and defendants entered into a contract in writing by the terms of which the plaintiffs leased to the defendants a certain tract of land for the period of two years for the purpose of growing rice, at a specified cash rental per acre. This contract provided that the defendants should construct and install an irrigation system conducting water to certain lands, including the lands belonging to the plaintiffs, specifying in general language the work to be performed, including drains, headgates, etc. The contract also provided that at the expiration thereof, the appellants were to convey an interest in the entire irrigation system constructed by the lessees, by which said lands were to be irrigated to such extent as they (the appellants') lands bore to the whole acreage then irrigated, or to be irrigated by said irrigation system; that the irrigation system should be free from all indebtedness. The contract further provided that it was understood and agreed that the parties thereto, their successors or assigns, together with other parties who had lands subject to irrigation from said system, and who desired

to unite with the parties to said contract in the irrigation of their lands by said system, shall and will form a mutual water corporation for the irrigation of their said lands, to which mutual water corporation said irrigation system shall be conveyed free of encumbrances. It was further agreed that the respondents would thereupon convey to the appellants stock in said mutual water corporation to the extent of the acreage demised, fully paid up, without cost or expense to said appellants. In consideration of the construction of said irrigation system, the appellants agreed to convey to the respondents certain lands consisting of eight hundred acres, other than the lands leased in the contract. On the fourteenth day of January, 1917, the respondents, in pursuance of said lease, or contract, dated November 15, 1916, and in consideration of the conveyance by appellants to respondents of the eight hundred acres of land as provided in said contract, by an instrument in writing purported to grant, convey, assign, and set over to the appellants, free and clear of debts or charges, the right and title in and to the irrigation system, irrigation plant, and property therein described, in such proportion of interest therein to the same extent as the lands of appellants, which were described in said lease of November 15, 1916, bore to the whole acreage irrigated by said system prior to December 31, 1918, the date of the expiration of said lease, and providing further that upon the organization of a mutual water corporation there should be issued to appellants stock in such corporation to the extent of one share for each acre of land described in said agreement, fully paid up, without cost or expense to appellants. On the twenty-first day of November, 1918, the appellants and respondents entered into another agreement in writing, modifying the lease and agreement of November 15, 1916, in that it was agreed that an irrigation district should be formed comprising the lands of appellants and other lands within the irrigation system in lieu of the mutual water corporation provided for in the agreement dated November 15, 1916, and providing further that said irrigation district should be formed within one year and should acquire by purchase the irrigation system constructed by the respondents, that the appellants should receive an amount of bonds of said district which should bear the same ratio to the entire amount of bonds received for the irrigation

system as the number of acres of appellants' lands bore to the whole acreage included within the district.

On or about the eighteenth day of June, 1918, the irrigation system in question was offered to the Maxwell Irrigation District, this district being formed and organized to purchase the property in question. Thereafter such proceedings were taken and had by the district that there was submitted to the electors of the district the proposal to issue bonds of the district in the sum of $260,000 for the purpose of buying the irrigation system constructed as aforesaid. This proposal was approved by the property owners and qualified electors of the Maxwell Irrigation District. Thereafter, and on or about the sixteenth day of September, 1918, the appellants, respondents, and all others owning an interest in the irrigation system, constructed as aforesaid, by proper conveyance, transferred to the Maxwell Irrigation District said irrigation system, including all rights of way, ditches, drains, water, water rights, pumps, headgates, machinery, appliances, etc., connected therewith or used in the maintenance or operation of the same.

After these proceedings had been taken and had, it appears that the land owners of the district in an informal manner agreed to add certain improvements and betterments to the irrigation system, in which informal meeting it appears that the plaintiffs participated. The engineer of the district was directed to make an estimate of the amount of money required for the purposes mentioned. Thereafter, on April 1, 1919, the board of directors called a special election for the purpose of voting an assessment of $52,355 to pay the costs of such improvements and betterments. At the election held on the 29th of April, 1919, this proposed assessment was voted unanimously. In order to have the money available immediately for the installation of said improvements and betterments to the irrigation system, it appears that an agreement was entered into by which $45,000 of the bond money should be retained and an authorization was signed by the land owners of the district, authorizing J. W. Forgeus, as trustee, to withhold from the bond money such land owners' *pro rata* part of said $45,000, to be used for the installation of motors, pumping equipment, etc., at the site of the water-wheels theretofore used by the irrigation system constructed by the respondents. This money proving

insufficient to pay for the contemplated improvements, other proceedings were had so that the amount chargeable to the lands of the plaintiffs aggregated the sum sued for in this action. It appears that the respondents advanced the money necessary to pay the portion of said assessment chargeable to the lands of the plaintiffs, and, under the agreements just referred to, deducted that sum in the settlement of their indebtedness and delivery of bonds to the plaintiffs.

The contention of the appellants now is that the irrigation system constructed by the defendants was not completed when the interest therein agreed to be conveyed by the defendants to the plaintiffs was transferred and the plaintiffs conveyed in payment thereof to the defendants the 800 acres mentioned and provided for in the contract dated November 15, 1916. On the part of the respondents, it is contended that the system was completed in accordance with the terms of said contract and had been in operation for a period of more than one year and had furnished to the appellants the water agreed to be furnished their lands for irrigation purposes in a quantity equal to that furnished after the improvements and betterments to the system made by the district. As to whether the work done by the Maxwell District was a completion of the work agreed to be performed by the respondents in their contract for building the irrigation system or was, in truth and in fact, simply improvements and betterments, the trial court, upon conflicting evidence, found: "That prior to the conveyance of said irrigation system to said Maxwell Irrigation District, and at the time of said conveyance, said irrigation system was completed and was in a condition to properly function, and the same operated satisfactorily for two years before it was turned over to said district; that it irrigated all of the lands of the district prior to the time of the organization thereof; that it diverted as much water from the river prior to the organization as since its organization; that after the organization of said irrigation district, and after the conveyance to it of all the properties and rights which went to make up the irrigation plant or system, free and clear of encumbrances, the land owners of the district, including plaintiffs, agreed that they would install certain improvements or betterments; that prior to the expiration of the

lease and agreement of November 15, 1916, said irrigation system was conveyed to said Maxwell Irrigation District free and clear of all encumbrances."

[1] The testimony of Mr. Brown, engineer of the district, shows all the improvements and betterments installed in the system by the Maxwell Irrigation District and also the installation of storage pumps and motors for the purpose of giving assurance of a sufficient water supply to the land owners within the district. This testimony, as well as the testimony of some other witnesses, if believed by the trial court, is sufficient to support the finding that the system was completed as contemplated when the same was conveyed to the Maxwell Irrigation District, and that whatever was thereafter done was done in the way of improvements, betterments, and maintenance. There is some testimony in the transcript and referred to by the appellants that might support a contrary finding, but such matters are exclusively for the trial court. The findings to which we have referred being sufficiently supported, it follows that the judgment of the trial court must be and the same is hereby affirmed.

Hart, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 6, 1926.